Good morning. May it please the Court. Anthony Bornstein, on behalf of the appellant, Mr. Santos Arango-Ortiz. Your Honor, while- In this case, unlike the last, your client did testify? Yes. Yes. And, Your Honor, while I certainly addressed the issue of the credibility determinations and the fact-finding process in the State court, what I'd like to begin is to address what I see as the central flaw in the district court's analysis of the Strickland claim. In essence, the court held below that because Mr. Santos Arango-Ortiz could not provide his counsel with a viable defense, the Strickland claim failed as a result. Notably, what the trial counsel said is that although Mr. Arango-Ortiz wanted him to explore pre-negotiations, he said to his lawyer, when apprised of the evidence, I'm in a lot of trouble. Even someone who is not guilty or not guilty of the bulk of the charges may be in a lot of trouble, but the trial counsel in that situation needs to explore the availability of the defenses. In this case, and correct me if I'm wrong, your client testifies about all of his claims about what trial counsel never told him or never did, and the State judge says, I don't  I don't find you credible. He has the burden of establishing departure for the Sixth Amendment standard in Strickland, and the judge says, I don't believe what you're saying to me. Why doesn't that end the case? Well, Your Honor, I think it's the nature and the content of the Petitioner's testimony when assessed in conjunction with his hesitancy at the plea colloquy, where he essentially says, I have no choice, there's all these people lined up against me, I'll just go ahead and do it. But as I understand it, trial counsel, not in live testimony, but trial counsel, his position is, I investigated and told him and we had a discussion, correct? Well, the trial counsel did not investigate, and he said he didn't investigate. He said that based on the initial meeting with the Petitioner, that he just went ahead and engaged in plea negotiations. But don't you have to show prejudice from the failure to investigate under the second prong of Strickland? Yes, yes, we do have to show prejudice, and I think the prejudice lies, and I think what we have established is that but for the trial counsel's failure to explore the available defenses and to investigate the possibility that he was only guilty of perhaps one of the charges or one lesser included charges, that had he done so, there's a reasonable possibility or probability that Mr. Arango-Ortiz would have exercised his right to a trial. And that's the case. But as to that, and here's where I'm running into difficulty, the trial judge says or the State court hearing judge says, I don't believe you, Mr. Arango-Ortiz. I believe that you weren't, you had no intention of exercising your right to a trial. I've heard your testimony and I don't find it credible. How do you get past that? Well, two things. He does render a finding that the Petitioner's testimony is not creditable. He does not go the next step, Your Honor, and say that therefore you would have not exercised your right to trial. He just says it's not creditable. Right. But his, and I guess maybe I'm not being clear on this. If it's your client's responsibility to establish that he would have turned down the plea and gone to trial had he gotten more information and the judge finds your client not credible, how do you discharge your burden of proving that he would have gone to trial had he been told more? Well, again, I think that the finding itself is objectively unreasonable, given what we know from the plea colloquy itself, that there was this hesitancy at which the judge at least informed Mr. Arango-Ortiz that he, you know, he could go to trial at that point, but there's this exhibition of resignation by the Petitioner that I might as well go ahead and do it because all these people are aligned against me. Didn't he tell his lawyer to get the best deal he could? He did. Assuming that trial counsel's version of the events is accurate, yes, he did. But while an attorney should in that situation explore plea negotiations, there's a correlative duty to also explore the evidence and the nature of the charges and the Petitioner's potential defenses to those charges. Did the Petitioner ever tell his lawyer that he didn't do it, that he was innocent? He – what he says in the post-conviction case is that he informed his lawyer that he had sexual contact with the victim one time, but that there was not the level of culpability that the charges alleged, that there was no penetration. But as to that claim, the trial judge said, I don't find you credible. I don't – you know, I generally don't find you credible. So how can we assume for purposes of this case that that's exact – that's what he told his lawyer? I take it what you're saying is that we – that these – that finding is objectively unreasonable? That's right. And I think to carry the day under the ADPA and the provisions, we do have the burden of demonstrating that the findings are objectively unreasonable. And, again, I submit on the totality of the record that those findings are objectively unreasonable, again, with the emphasis on the hesitancy that we see from the plea colloquy itself. And then, secondarily, the trial judge – I'm sorry, the post-conviction judge just credited the lawyer's contrary version from an affidavit, and a very brief affidavit at that. Isn't – isn't – And I can't pronounce our case. Savon – Savong or something like that. Doesn't that say a judge can do that, that having heard the Petitioner and finding the Petitioner not credible, the judge doesn't need then to have a separate hearing to find out whether the contrary affidavit of counsel is also credible? Yes. As I understand the case, what the court can do is when the record irrefutably demonstrates the inaccuracy or the lack of veracity in a Petitioner's particular claim of ineffectiveness, a court can dispense with hearing from the other side. And where I submit that our case is distinguishable is that no record exists that carries that level of strength on the other side. Well, but, again, I want to focus on your client's burden of proof. Your client – we all agree your client had the burden of proof in the post-conviction relief proceedings. If your client seeks to discharge that burden with his testimony and the judge says, I don't believe you, does the judge then need to hear from the other side? Well, in other cases, and as in Savonthabong, it did not. I submit that in the – when assessed in the context of the entire record, including trial counsel's curt and limited statement that Mr. Arango-Ortiz just said he was in a lot of trouble, that the record does not have the strength on the Respondent's side that it did possess in the Savonthabong case. And so in this case, it would be objectively unreasonable to dispense with trial counsel's oral testimony and just simply go ahead and credit the affidavit. Your Honors, I would like to reserve the last minute, if I may, for rebuttal. Thank you, counsel. Counsel. May it please the Court, Inge Wells, for Respondent Mark Newth. To go directly to Judge Hurwitz's questions to opposing counsel, in this case the He failed to prove his case because the State court found that the evidence that he presented in terms of his live testimony at the hearing was not credible. And that credibility finding must be deferred to by this Court under AEDPA, and that disposes of this case. Despite counsel's arguments that that credibility finding was objectively unreasonable, I think the evidence in the record really doesn't support that statement. What Petitioner said in his testimony at the hearing was that he wasn't aware of the charges against him until the morning he pleaded guilty. He wasn't aware of the police reports of the discovery. He basically knew absolutely nothing about the case and then was forced to enter this guilty plea on the day of trial. But if you look at Exhibits 103 and 104 in the record, which are the plea petition itself and then also a transcript of the plea colloquy, it is apparent from that plea petition that Petitioner acknowledged that, yes, I've been advised of the charges against me, I've been advised of my right to a trial, my right to present defenses, and he waived those rights by pleading guilty. And significantly, two things that Petitioner did not present any evidence on in the investigation, a lengthy investigation as opposed to a decision to plead guilty, what that investigation might have revealed that would have been favorable to Petitioner. And secondly, Petitioner never said, either in his deposition or in his testimony at the post-conviction trial, that had he known of the charges, known of defenses, known anything else about the case, he would not have taken the plea agreement and would instead have gone to trial. And that finding, I think, is also supported by the record, as the State post-conviction court found, in that this was an extremely favorable plea agreement for Petitioner. He pleaded guilty to three charges, five equally serious charges were dismissed, there was a stipulated sentence that was a downward departure from what Oregon's mandatory sentencing law requires. And in light of that fact, that's another reason to infer that Petitioner, no matter what he might or might not have known about the case, would have elected to take the plea agreement and not proceed to trial. And unless the Court has further questions for me, I would simply say that the Court made a credibility finding. This Court must defer to that credibility finding, and that disposes of this case. Thank you. Thank you. Roberts. I would just make one point in rebuttal to the State's arguments, and that is that the absence of specific testimony that, had it not been for trial counsel's failing, I would have gone to trial, I submit, as a formality that is not necessary The contention itself is implicit in the petition for postconviction relief that was filed in State court and in the relief sought in that petition, that is, at ER 57 through 60, Your Honor, in which the relief prayed for is asking the court to overturn the result of the State court criminal proceeding. Unless the Court has additional questions, I would submit the case. Thank you. Thank you, counsel. The case is very good. It is submitted.
judges: Goodwin, Reinhardt, Hurwitz